amounts upon the specified kind of security from exorbitant demands. The statute, being remedial, should be liberally interpreted to accomplish the good intended. Here the defendant received at most $55, has paid to the lender $41.30 and to its attorneys $10, and the lender has a judgment in replevin for all the defendant's household goods upon security of which the loan was made. We think the transaction comes within the plain reading of the statute as well as its intent, and that the device or pretense of charging for services or otherwise cannot succeed.

The determination of the Appellate Term and the judgment of the Municipal Court are reversed, and judgment directed dismissing the complaint on the merits, with costs in all courts to appellant. All concur.

---

VAN WAGONER v. BUCKLEY et al.

(Supreme Court, Appellate Division, Second Department. January 19, 1912.)

1. DEPOSITS IN COURT (§ 8*)—RELATION OF PARTIES—SPECIAL DEPOSIT—TRUSTS.

Plaintiff, as executor, brought suit against a trust company to recover money on deposit alleged to belong to his testatrix, whereupon the trust company filed a bill of interpleader, and its request that it be discharged on its depositing the sum in the trust company to the credit of the action and subject to the order of the court was granted, and it was dismissed from the action, and thereafter passed into the hands of the Superintendent of Banks, as provided by Banking Law (Consol. Laws 1909, c. 2) § 19, for administration on insolvency. *Held*, that the deposit constituted the trust company a bailee of the fund, and the Superintendent of Banks was bound to pay it over to the person found entitled thereto.

[Ed. Note.—For other cases, see Deposits in Court, Dec. Dig. § 8.*]

2. BAILMENT (§ 4*)—PROPERTY—SUBJECT OF BAILMENT.

Any kind of personal property, including current money and even a chose in action, if in existence, may be the subject of a bailment.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 21, 22; Dec. Dig. § 4.*]

3. BAILMENT (§ 1*)—POSSESSION BY BAILEE.

One of the essential elements of a bailment is that the property be taken into the possession of the bailee.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 1–12; Dec. Dig. § 1.*]

4. DEPOSITARIES (§ 3*)—SPECIAL DEPOSITS.

Special deposits, whether of money, bonds, stocks, or other securities, are imposed with such conditions, usual or unusual, as are dictated by the depositor and accepted by the depository.

[Ed. Note.—For other cases, see Depositaries, Dec. Dig. § 3.*]

5. BAILMENT (§ 7*)—TITLE ACQUIRED BY BAILEE.

A bailee acquires no title to the subject of a bailment, but has only the right to possession thereof, subject to the conditions imposed in the creation of the bailment; a possessory interest authorizing the defense of the right to such possession until the termination of such bailment.

[Ed. Note.—For other cases, see Bailment, Cent. Dig. §§ 25–31; Dec. Dig. § 7.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**6. DEPOSITS IN COURT (§ 11*).—RECOVERY—PROCEEDING—DEPOSITORY—VENUE.**
    Where money was ordered deposited with a trust company to await
    the determination of an action, to determine the person entitled there-
    to, begun in Kings county, as the result of a motion for interpleader,
    and the trust company's affairs thereafter with the fund so on deposit
    passed into the hands of the State Superintendent of Banks, the super-
    intendent could be properly coerced to pay over the fund by a motion
    made in the action in the county in which it was pending; the venue
    not requiring to be laid in the judicial district in which the principal of-
    fice of the trust company is or was.

    [Ed. Note.—For other cases, see Deposits in Court, Dec. Dig. § 11.*]

Appeal from Special Term, Kings County.

Action by Alexander Van Wagoner, as executor of the will of Jean-
ette G. R. Durkee, deceased, against Christopher A. Buckley, Sr., and
others. Motion to compel the State Superintendent of Banks to pay
over certain money held by the Carnegie Trust Company as a deposit
to await the action of the court in the action, granted, and the Super-
intendent of Banks and another appeal. Affirmed.

The following is the opinion of Maddox, J., in the court below:

For some time prior to the death of plaintiff's testatrix and up to about
December 8, 1908, there was on deposit with the Carnegie Trust Company $3,-
600.26 to the credit of the account of said testatrix, who died about October 27,
1907, and whose last will and testament was duly probated about January
15, 1908, letters testamentary thereon issuing out of the Surrogate's Court
of Kings County to plaintiff.

. [1] Plaintiff as such executor thereafter made demand on the trust com-
pany for the payment to him of that sum, which the trust company refused
to do, and this action was brought. Thereafter, upon the motion of the
trust company for an interpleader, under section 820 of the Code of Civil
Procedure, an order was made herein on December 8, 1908, upon the consent
of the attorneys for all the parties that William H. Kelly be interpleaded and
substituted in its place and stead, that this action be discontinued as to it,
and that it be discharged from liability as to said sum to either the plaintiff
or said Kelly, upon its depositing said sum, in said Carnegie Trust Company,
less $10 costs allowed to it, to the credit of this action and subject to the
order of this court. Thereupon the relation of debtor and creditor as between
the trust company and those claiming the money to the credit of said account
ended, and a new status and relation were created as to the fund so con-
tinued by said order with the trust company. In effect, the amount to the
credit of said account, viz., $3,600.26, was brought into this court to abide
the determination of this action, when the court would by appropriate judg-
ment or order direct the further disposition of the sum so brought within its
protection and control.

Demand for and refusal of payment by the Superintendent of Banks of the
fund here in question is alleged in the moving affidavit, but there is nothing
showing the superintendent's relation to or connection with the affairs of said
trust company or said fund; the superintendent is not a party to this action,
but is before the court on notice of motion for the relief prayed for. On
the argument of the motion, it was asserted that the said superintendent had
control and custody and was in possession of the property, affairs, and busi-
ness of said trust company, pursuant to the provisions of section 19 of the
banking law, which was at the time admitted by the superintendent's counsel,
who has submitted no papers or proofs in opposition to the motion, other than
his brief.

[2, 3] Any kind of personal property, including current money and even
a chose in action, if in existence, may be the subject of a bailment, one of

the essentials of which is that it be taken into possession by the bailee. The continuance of the fund in question in the custody of the trust company was upon its application at its suggestion, since the motion was made by it, and it became perforce of the order directing such deposit the bailee of the same.

As said in Marine Bank v. Fulton Bank, 2 Wall. 252, 256, 17 L. Ed. 785: "All deposits made with bankers may be divided into two classes, namely, those in which the bank becomes bailee of the depositor, the title to the thing deposited remaining with the latter, and that other kind of deposit of money peculiar to banking business, in which the depositor, for his own convenience, parts with the title to his money, and loans it to the banker, and the latter, in consideration of the loan of the money and the right to use it for his own profit, agrees to refund the same amount, or any part thereof, on demand." The money so continued in the custody of the trust company was at all times subject to the order of this court in this action, and never became the property of the trust company for any purpose, and certainly not to mingle with its own funds or those of any other person. It was in form a special deposit.

[4] Special deposits, whether of money, bonds, stocks, or other securities, must depend upon such conditions, usual or unusual, as may be imposed by the depositor and accepted by the depositary, and the parties are to be governed thereby, since the person or corporation upon receiving such deposit must be held to have acquiesced in and accepted the same upon the conditions imposed. The depositary here, the trust company, was not required to accept the deposit, or to continue in custody or possession thereof. It could have declined in the first instance to accept the deposit, or have subsequently moved to be relieved from its relation as depositary and bailee if it had so desired. But it accepted the bailment, which was in fact a special deposit, upon the terms and conditions fairly to be inferred from the directions of the order that the fund be deposited with it, the court being in effect the bailor, since the money was brought into court by the action of the trust company, and the fund was to be held to the credit of the action and not to be withdrawn or in any wise disposed of without the further order of the court.

[5] A bailee acquires no title to the subject of a bailment, but has only the right to possession thereof, subject to the conditions imposed in the creation of the bailment, a possessory interest authorizing the defense of the right to such possession until the termination of such bailment. The fund so deposited with the trust company by direction of the aforesaid order never became its property, and did not pass to the superintendent of banks when he took possession of the trust company, its assets and business, nor did he then acquire, as against the real owner thereof, any right to any property in the custody of the trust company which it did not own. Corn Exchange Bank of Chicago v. Blye, 101 N. Y. 303, 306, 4 N. E. 635; First National Bank of Montgomery v. Armstrong (C. C.) 36 Fed. 62.

The relation of debtor and creditor, or that of bank and depositor in the ordinary course of business, did not and does not now exist as between the parties to this action, and the trust company so far as relates to said fund held pursuant to the directions of the order of interpleader, and no one will, I take it, even suggest the possibility of such a relation existing between the court directing such deposit and the depositary because of the making of such order of interpleader, even though that order were made upon the consent of the parties hereto and said trust company through their attorneys.

Consequently, if the relation of debtor and creditor, or that of bank and depositor in the ordinary course of business, did not exist after the order of interpleader was entered, then in what relation to the real owner of said fund was the trust company in the possession of said fund, if not that of a bailee or trustee of a special deposit? There can in my opinion be but one answer: That the trust company held the fund in trust as bailee (Bergstresser v. Lodewick, 37 App. Div. 629, 59 N. Y. Supp. 630) under a bailment created by the order of interpleader.

[6] The venue of this action is Kings county, and there is no merit in the objection of the Superintendent of Banks that this motion should be made and heard in the judicial district in which the principal office of the trust

company is or was. The fund in question was by order herein deposited to the credit of this action, and the motion was properly made in the action.

In the memoranda cited by superintendent's counsel it does not appear that the applicants were other than general depositors in the ordinary sense of that term. There is nothing to show that the relation of debtor and creditor in the usual course of banking business did not exist in each. Indeed, nothing to indicate any equities in favor of the moving party as a depositor, or that there was a special deposit, a trust relation or a bailment.

The motion is granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Frank M. Patterson (J. Elmer Melick, with him on brief), for appellants.

James A. Wilson, for respondent.

PER CURIAM. Order affirmed, with $10 costs and disbursements, on the opinion of Mr. Justice Maddox at Special Term.

---

### BLYTH v. J. M. QUIMBY & CO.

(Supreme Court, Appellate Division, First Department. February 2, 1912.)

1. APPEAL AND ERROR (§ 1061*)—REVIEW—HARMLESS ERROR—MOTION TO DISMISS—GRANTING AFTER VERDICT.

   Where, in a suit to recover damages resulting from the negligence of defendant's servant, plaintiff failed to establish a cause of action, but excepted only to the court's reservation of a ruling on the motion to dismiss at the close of all the evidence, plaintiff was not prejudiced by the subsequent granting of the motion after a general verdict had been returned in his favor.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4209; Dec. Dig. § 1061.*]

2. TRIAL (§ 165*)—QUESTIONS FOR JURY—MOTION TO DISMISS—GRANTING ON MERITS.

   Where a motion to dismiss at the close of all the evidence was reserved and the case submitted to the jury for a general verdict, it was improper for the court on subsequently granting the motion to sustain the same "on the merits."

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 373, 374; Dec. Dig. § 165.*]

   Clarke and Laughlin, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by John W. Blyth against J. M. Quimby & Co. From an order of the Trial Term setting aside a verdict for plaintiff and dismissing the complaint on the merits, he appeals. Modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Black, Varian & Somers (Warren Bigelow of counsel), for appellant.

Douglass & Minton (Henry B. Corey, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes